# William Lender et al. *v.* Simon Kline et al.   Simon Kline's Appeal.

*Principal and surety—Guaranty—Contract.*

Where a contractor for a building absconds without performing his contract, and the guarantor of the contract coöperates with the owner in the completion of the work, examines the contractor's outstanding bills, and draws orders for or authorizes their payment, the owner completing the work, under an understanding with him, the guarantor voluntarily assumes the position of surety.

Argued March 5, 1895. Appeal, No. 194, July T., 1894, by Simon Kline, from judgment of C. P. Berks Co., Oct. T., 1892, No. 39, on verdict for plaintiffs. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

LENDER et al. *v.* KLINE et al.   KLINE'S APPEAL.  189

1895.]                    Statement of Facts.

Assumpsit on a guaranty of a building contract. Before ERMENTROUT, P. J.

At the trial it appeared that on January 8, 1892, D. C. Sharp & Son contracted to build three three-story brick buildings for William Lender and G. Fred Mertz. Simon Kline became the guarantor of Sharp & Son for the faithful performance of the work.

The agreement in writing upon which the suit was brought was as follows:

" For a valuable consideration, we the undersigned do hereby guarantee the faithful performance of the agreement to be attached hereunto, and we do further indemnify the said Wm. Lender and G. F. Mertz against any and all liens that may or might be filed or entered against the three (3) three-story brick houses to be built for the said Wm. Lender and G. F. Mertz by the contractors D. C. Sharp & Son for materials furnished or for work done at said houses.

" In witness whereof we have hereunto set our hands and seal this 9 day of Jan. 1892.

Contractor D. C. SHARP [SEAL]

Witness JNO. EGE, M. D.          "    W. A. SHARP [SEAL]
     "     HOWARD S. HARTMON.      SIMON KLINE [SEAL] "

Before the building was completed, D. C. Sharp absconded, leaving a number of bills unpaid. Mertz who had purchased Lender's interest in the buildings, informed Kline of the outstanding bills, and he was directed by Kline to finish the houses and pay the bills. Several of the bills were paid upon written orders given by Kline. Mertz completed the houses in the most economical manner possible.

Defendant's point, among others, was as follows:

" 2. As the bond on which suit is brought is a guaranty or indemnity bond, the plaintiff must first show due diligence on his part to recover the amount of his claim from D. C. Sharp & Son, and his inability to collect it, and there being no evidence that any effort was made to collect the same from D. C. Sharp & Son, this action is premature and there can be no recovery. *Answer:* Refused."

Verdict and judgment for plaintiff for $719.21. Simon Kline appealed.

190 LENDER et al. *v.* KLINE et al. KLINE'S APPEAL.

Assignment of Error—Opinion of the Court. [167 Pa.

*Error assigned,* among others, was (1) instruction as above, quoting it.

*C. H. Schaeffer,* for appellant, cited: Johnson v. Chapman, 3 P. & W. 18; Isett v. Hoge, 2 W. 128; Brown v. Brooks, 25 Pa. 210; Nat. L. & B. Society v. Lichtenwalner, 100 Pa. 100; Hoffman v. Bechtel, 52 Pa. 190; Gilbert v. Henck, 30 Pa. 205; Janes v. Scott, 59 Pa. 178; Rudy v. Wolf, 16 S. & R. 79; Willard v. Wickham, 7 Watts, 292: McClurg v. Fryer, 15 Pa. 293; Kirkpatrick v. White, 29 Pa. 176.

*Wm. Kerper Stevens,* of *Stevens & Stevens,* for appellee, cited: Brandt on Suretyship, section 82; Levan's App., 112 Pa. 294; Janes v. Scott, 59 Pa. 178; Brown v. Brooks, 25 Pa. 210; Gibbs v. Cannon, 9 S. & R. 198; Tinkum v. Duncan, 1 Grant, 228.

PER CURIAM, April 1, 1895:

The written agreement signed by Kline was one of guaranty for the performance by Sharp of his contract with the plaintiff. If he had stood upon this contract his present contention as to his liability would have been correct. But when his principal disappeared leaving his contract unperformed and his debts unpaid Kline had to elect his position. He elected to treat the failure and flight of his principal as settled facts, and to cooperate with the plaintiff in the completion of the work that Sharp had left undone, upon that basis. He examined Sharp's outstanding bills and himself drew orders for or authorized the payment of, the amounts as adjusted by him; and the plaintiffs completed the work, under an understanding with him, in the most economical manner practicable. He thus voluntarily assumed the position of surety. He has pointed out no substantial error by his assignments and the judgment is affirmed.